# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JACQUELINE HOOD,

        Plaintiff,

v.

MILWAUKEE COUNTY,

        Defendant.

Case No. 23-CV-1338-JPS

**ORDER**

## 1.    INTRODUCTION

On October 10, 2023, Plaintiff Jacqueline Hood ("Plaintiff"), proceeding pro se, filed this action against Defendant Milwaukee County ("Defendant"), together with a motion for leave to proceed without prepaying the filing fee. ECF Nos. 1, 3. This Order screens Plaintiff's complaint and, finding that it presents significant pleading deficiencies, grants Plaintiff leave to file an amended complaint that corrects those deficiencies. Accordingly, the Court defers ruling on Plaintiff's motion for leave to proceed without prepaying of the filing fee. If Plaintiff does not file an amended complaint by the below-stated deadline, or files one which remains deficient, the Court will dismiss this case without prejudice and deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee.

## 2.    MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise

known as a motion to proceed in forma pauperis.[1] "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Nietzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner *pro se* litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

For the reasons stated in the next section, it is not yet clear whether Plaintiff's complaint meets the 28 U.S.C. § 1915(e)(2) criteria. Accordingly, the Court will not yet consider whether Plaintiff's financial circumstances entitle her to proceed in forma pauperis until it has had a reasonable opportunity to assess whether Plaintiff can amend her complaint such that it meets the § 1915(e)(2) criteria.

### 3. SCREENING THE COMPLAINT

#### 3.1 Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a

claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 3.2 Plaintiff's Factual Allegations

Plaintiff's complaint is virtually devoid of concrete factual allegations. The complaint states:

- Milwaukee County false imprisonment, failing to protect me, my right to fair trail [sic].
- Sarah Hiems, lied, defamation character, harassment
- The stat[e] of Wisconsin defend my name;
- I was not given a fair hearing, mad[e] up charges by security guard. The state of Wisconsin denied me due process.

ECF No. 1 at 2. Plaintiff goes on to list what appear to be various provisions in the Wisconsin statutes and/or administrative code. *Id.*

In specifying her requested relief, Plaintiff states she "lost a business partner and investments," and that her name and reputation were harmed (presumably by Defendant, though Plaintiff does not explicitly state this). *Id.* at 3. She goes on to mention that she has "never ran [sic] or driven of[f] from . . . police . . . ." *Id.* Plaintiff purports to proceed on diversity jurisdiction. *Id.*

### 3.3 Analysis

Plaintiff's complaint is a collection of vague legal theories and what appear to be unrelated facts and references to an entity (the State of Wisconsin) and an individual (Sarah Hiems) with no clear relationship to the named Defendant, Milwaukee County. It does not even begin to provide "fair notice of what the . . . claim is and the grounds upon which it rests," to either the Defendant or the Court. *Twombly*, 550 U.S. at 555. Plaintiff will have an opportunity to amend her complaint. If Plaintiff chooses to file an amended complaint, the amended complaint should provide the Court with enough facts to answers to the following questions: 1) Who violated her constitutional rights?; 2) What did each person do to violate her rights?; 3) How was each person acting on behalf of the state?;

3) Where did each person violate her rights?; and 4) When did each person violate her rights? Plaintiff should attempt to provide a clear story of what happened; simply saying "my rights were violated" is not enough. If Plaintiff's amended complaint does not adequately allege these facts, the case will be dismissed without prejudice.

There are additional potential problems with the complaint. First, Plaintiff cannot proceed on diversity jurisdiction, as both she and Defendant appear to be citizens of the state of Wisconsin. *See* ECF No. 1 at 1–2 (providing Wisconsin addresses for both Plaintiff and Defendant). This Court does not have jurisdiction over cases that allege violations of state law, between residents of the same state. *See* 28 U.S.C. § 1332(a). Therefore, Plaintiff must proceed on federal question jurisdiction. In other words, she must allege that Defendant violated her rights under the federal Constitution or a federal law. *See* 28 U.S.C. § 1331. If Plaintiff's amended complaint again attempts to proceed under diversity jurisdiction, it will be dismissed without prejudice. Fed. R. Civ. P. 12(h)(3).

Second, it appears Plaintiff is a party to both ongoing and concluded litigation in Wisconsin state court, in which Defendant (Milwaukee County) as well as the other parties she references (the State of Wisconsin[2] and "Sarah Heims") are involved. *See, e.g.*, *Jacqueline Hood v. Sarah Heim*, Milwaukee County Circuit Court Case No. 2023CV007426 (civil action); *State of Wisconsin v. Jacqueline Trinae Hood,* Milwaukee County Circuit Court Case No. 2023CM000514 (criminal misdemeanor action); *County of Milwaukee v. Jacqueline T Hood*, Milwaukee County Circuit Court Case Nos.

---

[2]The State of Wisconsin is a defendant in a nearly identical action Plaintiff filed in this district on the same day that she filed this case. *See Hood v. State of Wisconsin et al.*, Case No. 23-cv-1339 (E.D. Wis. 2023).

2023TR002664, 2023TR2663, and 2023018896 (traffic actions); *Jacqueline Hood v. University of Wisconsin*, Milwaukee County Circuit Court Case No. 2021CV006460 (civil action); *Jacqueline Hood v. Milwaukee County*, Milwaukee County Circuit Court Case No. 2021CV006458 (civil action); *Jacqueline Hood v. Sarah Heim*, Milwaukee County Circuit Court Case No. 2021CV006456 (civil action), *all available at* https://wcca.wicourts.gov.[3] Whatever the relationship between all these cases (and these parties), their existence makes it likely that any federal case Plaintiff intends to bring will be impacted by one or more federal abstention doctrines. Federal abstention doctrines come into play when a plaintiff initiates a lawsuit in federal court that relates to a proceeding in state court. In such a circumstance, the federal court generally examines whether there are any reasons or bases on which it should abstain from hearing the case.

In general, "lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments"; this is commonly known as the *Rooker-Feldman* doctrine. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983)). *Rooker-Feldman* generally bars the federal court from considering federal claims that "were, or could have been, presented in the state suit," when the federal plaintiff "seeks the alteration of a state court's judgment." *Milchtein v. Chisholm*, 880 F.3d 895, 897–98 (7th Cir. 2018). However, a federal court is not barred from hearing federal claims where the litigant

---

[3] The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The Court does so here to provide additional context for the very sparse allegations in Plaintiff's complaint.

was "effectively precluded from raising th[ose] claims" in the state court proceeding. *Long*, 182 F.3d at 557–58.

Similarly, the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (citing *FreeEats.com, Inc. v. Ind.*, 502 F.3d 590, 595 (7th Cir. 2007)). "There are three exceptions to the rule requiring abstention: (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions." *Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 799 (N.D. Ill. 2014) (citing *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007)). Where *Younger* applies, the district court may either stay or dismiss the case, depending on the type of relief sought. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

Finally, the doctrine known as *Colorado River* abstention provides that "a federal court may stay or dismiss a suit in federal court when a concurrent state court case is underway," "exceptional circumstances exist," and abstention would promote "wise judicial administration." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (citing and quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976)). *Colorado River* abstention applies only to federal actions that are "parallel" to state court proceedings, meaning that there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Id.* (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985)).

Plaintiff's complaint appears to relate to one or more state court proceedings. Without clear factual allegations, the Court cannot say for sure whether any of the above-explained abstention doctrines apply in this case. But in drafting any amended complaint, Plaintiff should keep in mind that (1) this federal court generally does not have the power to hear a case that seeks to set aside a state court judgment entered against her and (2) this federal court must, in most circumstances, abstain from hearing a case that relates to ongoing state court proceedings. Her amended complaint should explain why these limitations do not apply in her case.

### 4. CONCLUSION

For the reasons stated above, the Court will give Plaintiff leave to file an amended complaint that addresses the deficiencies explained above. Any amended complaint must be filed on or before **November 29, 2023**. Failure to file an amended complaint within this period may result in dismissal of this action without prejudice. The Court is enclosing a copy of its amended complaint form and instructions.

Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and Defendant with notice of what Defendant allegedly did or did not do to violate her rights.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In such instances, the "prior pleading is in effect withdrawn as to all

matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). In other words, any amended complaint must include **all** of the allegations and claims (including those from the original complaint) that Plaintiff wishes to make, in a single filing without reference to other documents.

**Finally, Plaintiff should note that unrelated allegations against different Defendants belong in separate lawsuits, but if she intends to raise the *same* allegations against *all* Defendants, or to allege that the Defendants worked together in some way to violate her rights under federal law—as her complaints in this matter and in Case No. 23-CV-1339 seem to indicate—she should bring *only one case.*** If Plaintiff intends to sue the State of Wisconsin, Milwaukee County, and UWM Milwaukee for each of their roles in the same alleged violations, Plaintiff should voluntarily dismiss one of her cases, and amend her complaint in the remaining case to encompass all her allegations against all the Defendants she wishes to sue.

If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915.

Accordingly,

**IT IS ORDERED** that on or before **November 29, 2023**, Plaintiff shall submit an amended complaint using the provided form and in accordance with the instructions provided herein; failure to do so will result in dismissal of this action without prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank non-prisoner amended complaint form along with this Order.

Page 10 of 11
Case 2:23-cv-01338-JPS    Filed 10/30/23    Page 10 of 11    Document 4

Dated at Milwaukee, Wisconsin, this 30th day of October, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiff will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.