# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JACQUELINE HOOD,

        Plaintiff,

v.

MILWAUKEE COUNTY,

        Defendant.

Case No. 23-CV-1338-JPS

**ORDER**

On October 10, 2023, Plaintiff Jacqueline Hood ("Plaintiff"), proceeding pro se, filed this action against Defendant Milwaukee County ("Defendant"), together with a motion for leave to proceed without prepaying the filing fee. ECF Nos. 1, 3. The Court screened the complaint and, finding that (1) the complaint lacked factual allegations to put Defendant on notice of its alleged wrongdoing and (2) the case likely implicated one or more federal abstention doctrines, directed Plaintiff to amend the complaint to attempt to correct these shortcomings. ECF No. 4 at 4–8.

At screening, the Court also noted that this action was "nearly identical" to another action that Plaintiff filed on the same day, in which Plaintiff repeated the allegations in her complaint in this matter against two other defendants: the State of Wisconsin and "UWM Milwaukee." *Id.* at 6 n.2 (referencing *Jacqueline Hood v. State of Wisconsin et al.*, Case No. 23-CV-1339 (E.D. Wis. 2023)). The Court then instructed that "[i]f Plaintiff intends to sue the State of Wisconsin, Milwaukee County, and UWM Milwaukee for each of their roles in the same alleged violations, Plaintiff should voluntarily dismiss one of her cases, and amend her complaint in the

remaining case to encompass all her allegations against all the Defendants she wishes to sue." *Id.* at 10.

Plaintiff filed an amended complaint in this matter on November 22, 2023. ECF No. 5. The amended complaint is almost totally identical to that which Plaintiff filed in Case No. 23-CV-1339. *Compare id.* with *Hood*, No. 23-CV-1339, ECF Nos. 5 (amended complaint) and 7 at 1–4 (screening order summarizing factual allegations).[1] The only difference is that, in the amended complaint in *this* matter, Plaintiff scratched out the names of the defendants in Case No. 23-CV-1339 and wrote in the name of the Defendant in this action. Both amended complaints make factual allegations as to the defendants in Case No. 23-CV-1339 but make no reference to or allegations against Milwaukee County—Plaintiff has not explained how Milwaukee County or any of its officials[2] is involved in any alleged wrongdoing, either

---

[1] Plaintiff also filed a letter applicable to both her cases, which includes statements of law and other factual allegations. The Court has addressed the relevant contents of that letter in summarizing the amended complaint's factual allegations in Case No. 23-CV-1339. *See McDonald v. Brown*, No. 03 C 4568, 2004 WL 2106604, at *2 (N.D. Ill. Sept. 17, 2004) ("[F]or a *pro se* plaintiff the court considers the allegations contained in all documents filed with the court.") (citing *Gutierrez v. Peters,* 111 F.3d 1364, 1367 & n.2 (7th Cir. 1997) and *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992)).

[2] The amended complaint references "Judge Ashly," ECF No. 5 at 3, which is likely a reference to Kori Ashley, one of the two Milwaukee County Circuit Court judges with that surname, and the presiding judge in her state-court jury trial. *See List of Court Officials*, Milwaukee County Courts, https://county.milwaukee.gov/EN/Courts/Chief-Judge/List-of-Court-Officials (last visited Dec. 22, 2023); *Hood*, No. 23-CV-1339, ECF No. 7 at 2 (discussing state court case). However, Plaintiff appears to be (understandably) confused, because county-level Circuit Court judges are *state* employees, not municipal or county employees. *See Circuit courts: Function & overview*, Wisconsin Court System, https://www.wicourts.gov/courts/circuit/index.htm (last visited Dec. 22, 2023).

Even if Plaintiff had made any factual allegations against Milwaukee County whatsoever, in order to sustain any constitutional claims against this

arising from the facts in her amended complaint, or any other set of facts. *See generally* ECF No. 5.

Despite the Court's instructions, Plaintiff has failed to specify what the Defendant in this case—Milwaukee County—has to do with this case or with Case No. 23-CV-1339. In other words, one of the problems that the Court originally identified is still present in the amended complaint. Moreover, the lack of factual allegations against Defendant also makes it impossible for the Court to decide whether consolidation of Plaintiff's two cases is appropriate. Fed. R. Civ. P. 42(a)(2) (permitting a court to consolidate actions that "involve a common question of law or fact"). Accordingly, because the amended complaint is completely void of factual material as to the Defendant named in this case and because Plaintiff has given the Court no basis on which to consolidate her two cases, the Court must dismiss this case. The dismissal will operate without prejudice. The Court will further deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee, ECF No. 3.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 3, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

---

entity, Plaintiff would have to allege that it engaged in a pattern or practice that led to constitutional harm. *Thomas v. Cook Cnty. Sherriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978) and *Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 674 (7th Cir. 2009)). The Court discerns no allegations in the amended complaint that even hint at a theory of a policy or practice of constitutional harm.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of December, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.